IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-407-FL

| | | |
|---|---|---|
| MARGARET REAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRUSTEE SERVICES OF CAROLINA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court regarding defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim (DE 14). Plaintiff has not responded and the time for response has expired. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted.

## BACKGROUND

Plaintiff commenced this action pro se on August 9, 2017, asserting that her residential mortgage loan "is or was at any time serviced by" defendant. (Compl. (DE 1) at 1). Plaintiff claims that defendant violated federal law, including the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. ("RESPA") and the Fair Debt Collection Practices Act, 15 U.SC. §§ 1692 et seq. ("FDCPA"), as well as state and common law, in connection with its servicing of plaintiff's mortgage loan. Plaintiff asserts that the amount in controversy exceeds $5,000,000.00, and she asserts unspecified injury. Plaintiff attaches voluminous documentation exceeding 550 pages in length that she asserts is part of the complaint.

Upon plaintiff's motion for extension of time to make service, the court on January 11, 2018, allowed plaintiff to make service on or before February 13, 2018. Plaintiff filed on January 25, 2018, documentation regarding service relating back to August 9, 2017, as proof of service in this case. Six days later, on January 31, 2018, a document styled as a motion to dismiss was filed by an attorney identified as Aaron B. Anderson, purporting to represent defendant in accordance with a "Limited Special Appearance." (Mot. to Dismiss (DE 9) at 1). On February 7, 2018, the court noted deficiency in the form of the motion and deficiency in appearance by counsel and filing method. The court held in abeyance time for response to that motion to dismiss and directed counsel for defendant to cure deficiencies as noted in the order.

On February 20, 2018, counsel entered a notice of appearance on behalf of defendant and filed the instant motion to dismiss. Defendant seeks dismissal of the complaint for insufficient process; insufficient service of process; lack of personal jurisdiction; failure to state a claim; and lack of subject matter jurisdiction,[1] under Federal Rules of Civil Procedure 8(a)(2), 12(b). In support of the instant motion, defendant relies upon a memorandum in support, with attachments including a North Carolina Secretary of State printout; an appointment of substitute trustee; and an order to allow foreclosure sale.

A day later, on February 21, 2018, Aaron B. Anderson filed a "notice of no representation" in response to the court's order. On February 26, 2018, referencing the instant motion to dismiss filed February 20, 2018, the clerk issued a letter to plaintiff providing notice of the filing of the instant motion to dismiss and the time period for response thereto by March 16, 2018. On the same date, the court entered a text order allowing Aaron B. Anderson to withdraw, and, noting the instant

---

[1] Defendant contends the court lacks subject matter jurisdiction on the basis of the "Rooker-Fedldman doctrine." (Mem. in Support of Mot. to Dismiss (DE 15) at 1).

"new motion," the court observed that "the clerk properly has noticed plaintiff, proceeding pro se, of the response deadline to that motion." (Feb. 26, 2018, Text Order).

**COURT'S DISCUSSION**

A.  Standard of Review

Rule 12 permits dismissal of a complaint for "lack of subject-matter jurisdiction," "lack of personal jurisdiction," "insufficient process," "insufficient service of process," and "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

    1.  Service of Process

"Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(*l*). "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on

its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). A corporation, partnership, or association "must be served" with the complaint in the manner provided in Federal Rule of Civil Procedure 4(h).

That rule requires either service by delivery of the complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B), or service in accordance with state law. See Fed. R. Civ. P. 4(h)(1)(A) & (e)(1). State law, in this instance, requires service by "mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served." N.C. St. R.C.P. § 1A-1, Rule 4(j)(6).

Plaintiff has not filed proof of service showing that she served defendant in the manner required by Federal Rule of Civil Procedure 4(h). Service-related documents filed by plaintiff show that plaintiff mailed a package on August 8, 2017, to "Trustee Service of Carolina," and that it was signed by "Gabriel Fullard" at "5341 Oleander Dr." (Proof of Service (DE 8) at 1). In support of its motion to dismiss, however, defendant has filed a printout of the North Carolina Secretary of State business registration records pertaining to "Trustee Services of Carolina, LLC," showing that its registered agent is Aaron B. Anderson, manager, and the mailing address is "5710 Oleander Drive, Ste. 204, Wilmington, NC 28403-4722." (Mem. in Support of Mot. to Dismiss, Ex. A (DE 15-1) at 1). Accordingly, plaintiff has not shown that she served defendant by mailing the complaint

to defendant's officer or agent, as required by Rule 4(h) or North Carolina Rule of Civil Procedure 4(j).[2]

Where plaintiff has not shown proof of service, and where the time for service has expired, the court may dismiss the complaint for insufficient service, or extend the time for service for good cause shown. See Fed. R. Civ. P. 4(m). Here, the court has already extended time for service, and plaintiff has not made any showing of good cause. In addition, for the reasons stated below, plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Accordingly, the court dismisses without prejudice plaintiff's complaint for insufficient service, rather than providing another extension of time for service of a deficient complaint.

2. Failure to State a Claim

Plaintiff's complaint does not meet the basic pleading requirements in Rule 8(a)(2): It does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Most critically, it does not provide any "factual matter" pertaining to conduct by the sole defendant in the instant case, Trustee Services of Carolina. Iqbal, 556 U.S. at 678. The narrative portion of the complaint references residential mortgage loan servicing activities by "one or more of the Defendants," and it includes a list of asserted violations of mortgage servicing laws. (Compl. (DE 1) at 1). In this form, the complaint does not provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "formulaic recitation[s]." Iqbal, 556 U.S.

---

[2] The court rejects defendant's alternative argument that plaintiff's complaint should be dismissed for insufficient process. Defendant argues that dismissal is warranted because plaintiff's summons specifies defendant's name as "Trustee Services of Carolina" instead of "Trustee Services of Carolina, LLC" and specifies an incorrect street address. (Mem. in Support of Mot. to Dismiss (DE 15) at 2) (emphasis added). "As a general rule the misnomer of a corporation in a notice, summons or other step in a judicial proceeding is immaterial if it appears that the corporation could not have been, or was not, misled." Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 224 (4th Cir. 1999) (emphasis added, quotations omitted).

5

at 678. In addition, the attachments to the complaint only diffuse and obfuscate the factual basis for plaintiff's claims against the instant defendant. Attachments comprising over 550 pages of documentation, at times handwritten, and at times referencing other entities and individuals, and at times comprising generalized legal reports and commentary, does not constitute a "short and plain statement of the claim" against the instant defendant. Fed. R. Civ. P. 8(a)(2). Therefore, plaintiff's complaint must be dismissed without prejudice for failure to state a claim.[3]

Dismissal is without prejudice to filing of an amended complaint. See Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 627 (4th Cir. 2015). However, the court cautions plaintiff that, to comply with Rule 8, any amended complaint must be shorter and clearer than the instant complaint with attachments. It must set forth not mere general descriptions of wrongful conduct by "defendants," but rather "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (emphasis added). It must include factual allegations regarding injury caused by defendant, rather than injury caused by individuals or entities not party to the case. See id. at 682-83. Documentary exhibits and evidence are not necessary, and in the circumstances of this case may not be helpful, for making a "short and plain statement" of a claim. Fed. R. Civ. P. 8(a)(2). In addition, any amended complaint will be considered the complaint in its entirety, and the court will not review plaintiff's prior filings to glean any misplaced claims.

---

[3] Because plaintiff has not state a claim, the court does not reach defendant's alternative argument that the complaint should be dismissed for lack of subject matter jurisdiction on the basis of the "Rooker-Feldman doctrine." (Mem. in Support of Mot. to Dismiss (DE 15) at 1).

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 14) is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for insufficient service of process and for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6).

SO ORDERED, this the 23rd day of May, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge